1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALBERT W. BEDDOW, JR.,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:10-CV-00100-JPH

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment noted for hearing without oral argument on July 29, 2011. (ECF Nos. 17, 19.) Attorney Rebecca M. Coufal represents Plaintiff, Albert W. Beddow, Jr. Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to disposition by a magistrate. (ECF No. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed a Title II Disability Insurance Benefits application on June 17, 2008. (Tr. 152-54.) Plaintiff alleged onset date of November 1, 2001. (*Id.*.) Plaintiff alleges disability due to depression, mental issues, asthma, diabetes, gastroesophageal reflux disease (GERD), irritable bowel syndrome (IBS), arthritis, hypertension, migraines/chronic headaches, dilateral knee and corondromalac arthritis, lower back pain, volatile anger, suicidal ideation, limited ability to concentrate/focus, trouble breathing, lack of energy, frequent nausea and abdominal distress, bouts

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

of diarrhea and constipation, frequent gas emissions, low blood sugar, sleep apnea and bursitis of the right hip. (Tr. 166, 193.) Benefits were denied initially and on reconsideration. (Tr. 104-06, 109-11.) On November 7, 2007, Plaintiff timely requested a hearing before an administrative law judge (ALJ) (Tr. 112-13), which was held before ALJ R.J. Payne on September 4, 2009. (Tr. 35-101.) Plaintiff, represented by counsel, Rebecca Coufal, testified. (Tr. 77-101.) In addition, medical experts Daniel Weisman, M.D. and Ronald Klein, Ph.D. also testified. (Tr. 40-59, 59-76.) On November 5, 2009, ALJ Payne issued a decision finding Plaintiff not disabled. (Tr. 10-26.) On February 22, 2010, the Appeals Council denied review. (Tr. 1-3.) The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on April 9, 2010. (ECF No. 4.)

## STATEMENT OF THE CASE

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both Plaintiff and Defendant, and will only be summarized here. Plaintiff was 48 years old when he applied for benefits and 49 years old when the ALJ filed his decision. (Tr. 152.) Plaintiff is right handed. (Tr. 182.) Plaintiff testified he currently lives in an apartment with family. (Tr. 177.) Plaintiff testified to a high school degree, dual bachelors degrees in computer science and management information systems, a masters in computer resource information management, and a degree in health information management. (Tr. 84.) Plaintiff states he has had various paid and volunteer positions since leaving the military. (Tr. 83-88.) Plaintiff testified he has trouble keeping employment due to conflicts with coworkers and supervisors. (*Id.*)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999); *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

(9th Cir. 1989); *Desrosiers v. Sec. of Health and Human Serv.,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 399. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1098; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988) (*per curiam*). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disabled individual" as one who "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1   substantial gainful activity and (2) a "significant number of jobs exist in the national economy"

2   which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

3                                   **ALJ'S FINDINGS**

4           At step one, ALJ Payne found Plaintiff last met the insured status requirements of the Social

5   Security Act on June 30, 2008. (Tr. 12, Finding 1.) Plaintiff had not engaged in substantial gainful

6   activity from his alleged onset date of November 1, 2001 through his date last insured. (Tr. 12,

7   Finding 2.) At step two, the ALJ found Plaintiff suffered from severe impairments of diabetes

8   mellitus, type 2; obesity; hypertension; asthma; sleep apnea. (Tr. 12, Finding 3.) The ALJ also found

9   Plaintiff suffered from an adjustment disorder with depressed and angry mood, but determined this

10  mental impairment was not "severe." (Tr. 19.) At step three, the ALJ determined Plaintiff does not

11  have an impairment or combination of impairments that meets or medically equals one of the listed

12  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19, Finding 4.) At step four, the ALJ

13  found Plaintiff had the RFC to perform light work, with some limitations. (Tr. 19, Finding 5.) The

14  ALJ found Plaintiff's other alleged limitations "not credible." (Tr. 21.) In addition, through the date

15  last insured, the ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 25, Finding

16  6.) The ALJ found that Plaintiff is a "younger individual age 18-49" with at least a high school

17  education with an ability to communicate in English. (Tr. 25, Findings 7-8.) Next, the ALJ

18  determined transferability of job skills was not material to the determination of disability. (Tr. 25,

19  Finding 9.) At step five, the ALJ found, considering claimant's age, education, work experience, and

20  residual functional capacity, jobs exist in significant numbers in the national economy which

21  Plaintiff could perform. (Tr. 25, Finding 10.) As a result, the ALJ found Plaintiff not disabled. (Tr.

22  26, Finding 11.)

23                                    **ISSUES**

24          Plaintiff argues that the ALJ erred by (1) rejecting the opinions of Gilbert Milner, M.D. and

25  Constance Moore, M.S., relying instead on Ronald Klein, Ph.D.; (2) not finding Plaintiff's

26  depression or bipolar disorder were severe impairments at step two; (3) failing to consider Plaintiff's

27  Veterans Administration ("VA") Disability Rating; and (4) by not allowing Plaintiff's wife to testify

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

at the hearing[1]. (ECF No. 18 at 10-18.) Asserting the ALJ appropriately considered the evidence and made a decision based on substantial evidence, the Commissioner asks the Court to affirm the ALJ's decision. (ECF No. 20 at 6-20.)

## DISCUSSION

### A.    Medical Diagnoses

Plaintiff's overall argument is that the ALJ's decision was neither based on substantial evidence nor on proper legal principles. (ECF No. 18 at 8.) In making this argument, Plaintiff specifically challenges the ALJ's conclusion at step two that Plaintiff suffers from the mental impairment of an adjustment disorder with depressed and angry mood and that this disorder is "non-severe." (*Id.* at 11-13.) In order to clarify this issue, a brief discussion of diagnosis of Plaintiff's mental impairment(s) is necessary.

In the decision, the ALJ concluded Plaintiff suffers from an adjustment disorder[2] with depressed and angry mood[3]. (Tr. 12, Finding 3.) Further, relying on Dr. Klein the ALJ found this

---

[1] Plaintiff also alleges the ALJ erred in determining Plaintiff's residual functional capacity and in application of the Medical-Vocational Guidelines. Because there is error at step two requiring remand, these further arguments are not addressed.

[2] Adjustment disorder is an emotional and behavioral reaction that develops within 3 months of a life stress, and which is stronger or greater than what would be expected for the type of event that occurred. www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001928, September 13, 2011.

[3] The court notes Dr. Klein found Plaintiff's adjustment disorder was nonsevere (Tr. 61); however, the ALJ found this adjustment disorder was severe at Finding 3, Tr. 12 and in discussing Finding 4 at Tr. 19. In contrast, the text in the decision states, "Because the claimant's medically determinable mental impairment caused no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area, it was nonsevere." (Tr. 19.) In addition, the ALJ points out "Dr. Klein found claimant's mental impairments were mild and he could function quite well." (Tr. 24.) While this inconsistency has made the ALJ's reasoning confusing, because the text of the decision supports a finding

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

disorder to be non-severe because Plaintiff had no restrictions in activities of daily living or concentration, persistence and pace, with only mild limitations in social functioning and no episodes of decompensation. (Tr. 61, 16.)

By contrast, Plaintiff's medical records show different diagnoses during the time at issue. In 2001, a diagnosis of depression[4] was made, and Plaintiff was determined to be at least 10% disabled according to the VA Disability Determination of 2001. (Tr. 748-752, 1170.) In 2004, Plaintiff began seeing Jeffrey Schack, M.D. at the Veterans Affairs Medical Center ("VAMC") for medication management related to his mental impairment. (Tr. 577-79.) Dr. Schack noted Plaintiff had been treated for depression while in the military. (Tr. 577.) At this time, Dr. Schack diagnosed Plaintiff with mood disorder[5], nos; rule out Bipolar disorder versus cyclothymia; issues related to interpersonal confrontation and dysfunctional family of origin. (Tr. 579.) In October 2004, Plaintiff began treatment with therapist Constance Moore, M.S. Ms. Moore was treating Plaintiff for "depression, stress, intolerance of selfish/stupid people." (Tr. 819.)

In October 2008, Plaintiff was reevaluated for his VA Disability Determination. Gilbert Milner, M.D. evaluated Plaintiff and diagnosed him with bipolar disorder[6]. (Tr. 1046-50.) Dr. Milner

---

Plaintiff's mental impairment of an adjustment disorder is non-severe and the ALJ adopted the opinion of Dr. Klein who also found this impairment to be non-severe, the court will interpret the ALJ's finding at step two to be that Plaintiff suffers from a non-severe mental impairment of an adjustment disorder with depressed and angry mood.

[4] True clinical depression is a mood disorder in which feelings of sadness, loss, anger, or frustration interfere with everyday life for weeks or longer. www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001941, September 13, 2011.

[5] Four basic forms of mood disorders are major depression, cyclothymia (a mild form of bipolar disorder), SAD (seasonal affective disorder) and mania (euphoric, hyperactive, over inflated ego, unrealistic optimism.) www.nmha.org/go/mood-disorders, September 13, 2011.

[6] Bipolar disorder is a condition in which people go back and forth between periods of a very good or irritable mood and depression. The "mood swings" between mania and depression can be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

advised Plaintiff's disability diagnosis had been changed from "depression" to "bipolar disorder" because in addition to a depressed mood, Plaintiff also experienced manic episodes. (Tr. 1051.) As a result of this change, Plaintiff's VA disability rating due to Plaintiff's bipolar disorder was increased to 30% from the previous 10%. (Tr. 1169-72.) This change brought Plaintiff's overall disability rating to 60% disabled. (*Id.*)

Also in 2008, Plaintiff's medical records were reviewed by nonexamining state agency consultants Eugene Kester, M.D. (Tr. 862-79) and James Bailey, Ph.D. (Tr. 1018). In his June 2008 review, Dr. Kester diagnosed an anxiety disorder[7] and found Plaintiff's disorder to be severe, causing several moderate nonexertional limitations. (Tr. 871, 862-64, 876-78.) This opinion was affirmed in October 2008 by Dr. Bailey. (Tr. 1018.) In summary, there is at least some medical evidence in the record which supports diagnoses of (1) bipolar disorder, (2) depression, (3) adjustment disorder with depressed and angry mood, (4) mood disorder and (5) anxiety disorder.

**B.    Opinion Evidence Applied to Diagnoses**

Plaintiff argues the ALJ improperly weighed opinions of examining physician Dr. Milner, treating therapist Ms. Moore and nonexamining state agency consultants Drs. Kester and Bailey. (ECF No. 18 at 11, 16.) The Regulations distinguish among the opinions of three types of "acceptable medical sources": (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 404.1527. Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. 20 C.F.R. § 404.1527(d); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating or examining physician's opinion is not contradicted, it can only be rejected with clear and convincing

---

very quick. www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001924, September 13, 2011.

[7] Generalized anxiety disorder (GAD) is a pattern of frequent, constant worry and anxiety over many different activities and events. www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001915, September 13, 2011.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If the treating or examining physician's opinion is contradicted, the ALJ may reject the examining opinion only by stating specific, legitimate reasons that are supported by substantial evidence. *Id.* at 830-31. As consistently ruled by the Ninth Circuit, it is the province of the ALJ to resolve ambiguities and conflicts in the medical evidence, and the court may not second guess his determinations as long as they are supported by the record. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

To meet the burden of stating reasons to reject the opinion of a treating or examining physician, "[t]he ALJ can...[set] out a detailed and thorough summary of the facts and conflicting clinical evidence, [state] his interpretation thereof, and [make] findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). However, a conclusion given after a mere listing of the evidence "seriatim" does not achieve the level of specificity required under case law. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). Based on substantial evidence in the record, an ALJ may properly reject the opinion of a treating or examining physician if that opinion is not supported by the record as a whole, *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), or that is based on the claimant's subjective complaints which the ALJ properly finds not credible. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

In addition to categorizing medical sources according to relationship to claimant, the Regulations also distinguish between "acceptable medical sources" and "other sources." 20 C.F.R. § 404.1513. "Acceptable medical sources" include "licensed physicians" and "licensed or certified psychologists." 20 C.F.R. § 404.1513(a)(1), (2). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 404.1513(d). The opinion of an "acceptable medical source" is given more weight than the opinion of an "other source." 20 C.F.R. § 404.1527; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other source" testimony can never establish a diagnosis or disability absent corroborating competent "acceptable medical source" evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), an ALJ is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

obligated to give reasons germane to "other source" testimony if it is rejected. However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

As for the opinion of nonreviewing state agency consultants, "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act." *Social Security Ruling*[8] ("*SSR*") 96-6p. Their findings of fact must be treated as expert opinion evidence of nonexamining sources by the ALJ. *Id*. However, unless the opinion is supported by independent clinical findings, the report of a nonexamining physician cannot by itself constitute substantial evidence that justifies rejection of the opinion of either an examining physician or a treating physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) (*citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984); *see also Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148-49 (9th Cir. 2001). Regardless, the ALJ is not bound to accept the opinion of any source, treating, examining or reviewing, whether from an "acceptable" or "other source," as to issues reserved to the ALJ. 20 C.F.R. § 1527(e). These issues include the ultimate determination of whether a claimant is disabled and a claimant's residual functional capacity (RFC). *Id.*

Here, relying solely on the testimony of the medical expert Dr. Klein, the ALJ found Plaintiff's mental impairment is an adjustment disorder with depressed and angry mood. (Tr. 16.) No other evidence in the medical record supports a diagnosis of an adjustment disorder. No medical

---

[8] Social Security Rulings are issued to clarify the Commissioner's Regulations and policy. They are not published in the federal register and do not have the force of law. However, under case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991). The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1    provider–acceptable or other–has provided a diagnosis of adjustment disorder. Dr. Klein offers no

2    basis in his testimony to find the record establishes a diagnosis of adjustment disorder. Because the

3    testimony of a medical expert without more is not substantial evidence upon which to base rejection

4    of a contradicted diagnosis made by either a treating or examining source, the ALJ's finding Plaintiff

5    suffered from an adjustment disorder with depressed and angry mood is not supported by substantial

6    evidence. *Lester*, 81 F.3d at 831.

7            Because the ALJ found Plaintiff suffered from an adjustment disorder, it is reasonable to

8    infer the ALJ rejected every other medical source's diagnosis, including diagnosis of bipolar

9    disorder, mood disorder, depression and anxiety disorder. As to the diagnosis of an anxiety disorder,

10   this was made by nonexamining state agency consultants Drs. Kester and Bailey. (Tr. 871, 1018.)

11   Since the state agency consultants are nonexamining, their opinions, without more, do not constitute

12   substantial evidence to support a diagnosis. *Lester*, 81 F.3d at 831. So, similar to the reasoning

13   applied to Dr. Klein, the rejection of a diagnosis of anxiety disorder made by Drs. Kester and Bailey

14   was proper because there is not substantial evidence to support this diagnosis.

15           As to Plaintiff's diagnosis for mood disorder, depression and bipolar disorder, these

16   diagnoses were separately made by VA compensation and pension examining physicians (Drs.

17   Milner & Giffen) and Plaintiff's treating physician (Dr. Schack) and therapist (Ms. Moore). As

18   examining physicians, the weight given to the opinions of Drs. Milner and Giffen must be greater

19   than that given to medical expert, Dr. Klein. 20 C.F.R. § 404.1527(d); *Holohan*, 246 F.3d at 1202.

20   Because the bipolar disorder, mood disorder and depression are contradicted by Dr. Klein's

21   diagnosis of an adjustment disorder, the ALJ may reject it only by stating "specific" and "legitimate"

22   reasons supported by substantial evidence. *Lester*, 81 F.3d at 831.

23           Here, the ALJ rejected Dr. Milner's diagnosis of bipolar disorder because (1) Dr. Milner's

24   report does not show how Plaintiff met the criteria of the DSM-IV related to diagnosing bipolar

25   disorder and Dr. Milner's opinion is based on Plaintiff's subjective report of symptoms only; (2)

26   other evidence in the record does not show the level of disruption to normal function which would

27   be expected with a diagnosis of bipolar disorder, and (3) Dr. Milner's diagnosis is not supported by

28   Plaintiff's prior military career of 20 years. (Tr. 16-17.) The record shows when asked why the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

diagnosis of depression was changed to bipolar disorder, Dr. Milner states, "In addition to depressive diagnosis he has manic episodes" but fails to describe Plaintiff's manic episodes in this response or in his original report. (Tr. 1046-51.) The record also fails to show any descriptions of Plaintiff's manic episodes or a notation that the behavior meets the clinical definition of a manic episode. The ALJ also found Dr. Milner did not review the entire record and relied on Plaintiff's subjective complaints in making his diagnosis. (Tr. 23.) In Dr. Milner's report, no tests were administered. Plaintiff's affect and mood are described only as "Depressed mood intermittently once a week and lasts for 2-3 hours." (Tr. 1048.) Here, these reasons are proper because an ALJ can reject an examining physician's report which (1) is not supported by the record, and (2) is based on Plaintiff's subjective complaints that the ALJ has properly found not credible. *Batson v. Comm'r*, 359 F.3d at 1195 (ALJ may discredit a doctor's opinion that is unsupported by the record as a whole); *Bayliss v. Barnhart*, 427 F.3d at 1216-17 (finding it specific and legitimate to reject a doctor's opinion which is based on claimant's subjective complaints which the ALJ has properly rejected).

While these two reasons are proper, the ALJ's reliance on Plaintiff's prior military career to reject the bipolar diagnosis is not based on substantial evidence in the record. Relying on Dr. Klein, the ALJ found Plaintiff's honorable discharge from the Air Force after a 20 year career to be inconsistent with a diagnosis of bipolar disorder. (Tr. 17.) In making this finding, the ALJ ignores record evidence showing Plaintiff's 20 year military career included mental health therapy throughout. In fact, Plaintiff's "service medical records indicate that clinical focus has often been on recurring occupational problems and relationship issues both with peers and within his marriage." Further, a bipolar diagnosis serves as the basis for 30% of Plaintiff's VA Disability Determination. (Tr. 1170.) This shows the VA does not find a bipolar diagnosis to be incompatible with Plaintiff's 20 year military career. Therefore, the ALJ's reasons here are not supported by substantial record evidence. However, because the other reasons are both "specific" and "legitimate," the ALJ's rejection of a bipolar diagnosis based on Dr. Milner's report is proper.

As for Ms. Moore's treatment of Plaintiff for bipolar disorder as evidenced by her treatment notes, the ALJ need not accept Ms. Moore's diagnosis because she is an other source. The ALJ need

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1    not consider the opinion of an "other source" as to diagnosis because she is not an "acceptable

2    medical source." *Nguyen v. Chater*, 100 F.3d at 1467. Therefore, the ALJ's failure to find a bipolar

3    disorder based on Ms. Moore's opinion is proper.

4         As for Dr. Giffen's diagnosis of depression in 2001, he diagnoses Plaintiff with "depressive

5    disorder NOS in remission (intermittent periods of depression associated with interpersonal

6    difficulties secondary to longstanding personality characteristics." (Tr. 752.) As to this opinion, the

7    ALJ only summarizes the information in this opinion. (Tr. 12-13.) However, the ALJ does note

8    Plaintiff "is consistently assessed with a stable mood disorder." (Tr. 22.) Therefore, it can be inferred

9    under *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965) that the ALJ rejected this diagnosis

10   because it has been treated by medication and found to be "stable." While Plaintiff's depression may

11   be stable with medication, this finding does not support a rejection of the diagnosis made. In fact,

12   such a conclusion supports the diagnosis because it shows Plaintiff was diagnosed and treated for

13   an impairment with improvement noted. Because the ALJ fails to state the weight given this opinion

14   and does not support his rejection of the diagnosis of depression made by Dr. Giffen with substantial

15   evidence, the ALJ's rejection of a diagnosis of depression is erroneous.

16        As for the diagnosis by Dr. Schack of a mood disorder or bipolar disorder, the ALJ's

17   decision only addresses the bipolar disorder diagnosis. The ALJ says "weight" was given to the

18   opinions of Plaintiff's treating and examining physicians. (Tr. 24.) As to the bipolar disorder, similar

19   to the reasons given to reject Dr. Milner's diagnosis, the ALJ found (1) evidence did not support a

20   diagnosis of bipolar disorder according to the criteria in the DSM-IV, (2) it is unclear whether the

21   VAMC actually diagnosed bipolar disorder or noted Plaintiff's self-diagnosis and then repeated it

22   in subsequent treatment records, (3) records show a more episodic or situational display of

23   symptoms which is not consistent with a bipolar diagnosis and (4) Plaintiff's outbursts are

24   voluntarily controlled. (Tr. 16-17.) The record supports the ALJ's conclusions as to these points and

25   therefore, the ALJ's rejection of a diagnosis of bipolar disorder by Dr. Schack is proper.

26        In contrast, the ALJ does not speak of Plaintiff's alleged mood disorder also diagnosed by

27   Dr. Schack. Because this opinion is from Plaintiff's treating physician, it is entitled to more weight

28   than any other opinion, 20 C.F.R. § 404.1527(d); *Holohan*, 246 F.3d at 1202, and because the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1    diagnosis is contradicted, although not clearly so, the ALJ must state "specific" and "legitimate"

2    reasons to reject it in favor of the diagnosis made by medical expert Dr. Klein, *Lester*, 81 F.3d at,

3    830-31. In 2004 when Plaintiff began treatment with Dr. Schack, Plaintiff is seen for medication

4    management related to his history of depression. (Tr. 577-79.) At that time, Dr. Schack diagnosed

5    Plaintiff with mood disorder, nos; rule out Bipolar disorder versus cyclothymia; issues related to

6    interpersonal confrontation and dysfunctional family of origin. (Tr. 579.) Dr. Klein notes the VA

7    diagnosis of "episodic mood disorder...is more to the point rather than calling it bipolar...." (Tr. 62.)

8        Here, the ALJ did not state any reasons to support his rejection of the mood disorder

9    diagnosis; in fact, even the medical expert believes it is a better diagnosis than the bipolar diagnosis

10   (Tr. 62) which he seemed to reject more on the basis of lack of foundation for the manic aspect of

11   the disorder (Tr. 61) rather than a belief Plaintiff has no mental impairment whatsoever. Further,

12   while the ALJ does summarize the medical evidence, the ALJ makes no interpretations as to why

13   Dr. Schack's diagnosis of a mood disorder is rejected, other than to note the medical expert believed

14   Plaintiff had an adjustment disorder. (Tr. 16.) Because the ALJ did not state any reasons for his

15   rejection of Dr. Schack's diagnosis of a mood disorder and determined only that it should be entitled

16   to "weight," the ALJ's rejection of this diagnosis is neither based on proper legal reasons nor

17   supported by substantial evidence. Therefore, the ALJ erred in rejecting a diagnosis for Plaintiff of

18   a mood disorder.

19       In summary, the ALJ's diagnosis of an adjustment disorder with depressed and angry mood

20   is not proper because substantial evidence does not support this finding. The ALJ's rejection of a

21   bipolar disorder is proper as the ALJ stated reasons sufficient to reject the diagnosis made by Dr.

22   Milner, Dr. Schack and Ms. Moore. The ALJ's rejection of an anxiety disorder is also proper. In

23   contrast, the ALJ's finding Plaintiff did not suffer from either a mood disorder or depression did not

24   employ proper legal reasoning and was not based on substantial evidence and therefore is erroneous.

25   It may be argued that a failure to make the right diagnosis is harmless so long as a diagnosis is made;

26   however, the ALJ's error here is compounded by the ALJ's finding that this disorder is "non-severe"

27   and the ALJ's failure to consider at all Plaintiff's VA Disability Determination.

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

1  **C.    Step Two**

2          As discussed above, while rejection of bipolar disorder is proper, rejection of a diagnosis of

3  depression or mood disorder is not proper. Moreover, Plaintiff contends the ALJ erred when he

4  concluded Plaintiff's bipolar disorder/depression were not severe mental impairments at step two

5  of the sequential process. (ECF No. 18 at 12-13.) At step two of the sequential evaluation, the ALJ

6  determines whether a claimant suffers from a "severe" impairment, *i.e.,* one that significantly limits

7  his mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). To satisfy step two's

8  requirement of a severe impairment, the claimant must prove the existence of a mental impairment

9  by providing medical evidence consisting of signs, symptoms, and laboratory findings; the

10  claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1508. The fact that

11  a medically determinable condition exists does not automatically mean the symptoms are "severe,"

12  or "disabling" as defined by the Social Security Regulations. *See e.g. Edlund v. Massanari*, 253 F.3d

13  1152, 1159-60 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754

14  F.2d 1545, 1549-50 (9th Cir. 1985).

15          At step two, an impairment or combination of impairments may be found "not severe only

16  if the evidence establishes a slight abnormality that has no more than a minimal effect on an

17  individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (internal quotation marks

18  omitted) (9th Cir. 1996); *see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner

19  has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or

20  combination of impairments on the individual's ability to do basic work activities, the sequential

21  evaluation should not end with the not severe evaluation step." *SSR* 85-28. As the court in *Webb v.*

22  *Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), explains:

23              Step two, then, is a de minimis screening device [used] to dispose of groundless
              claims, and an ALJ may find that a claimant lacks a medically [determinable] severe
24              impairment or combination of impairments only when his conclusion is clearly
              established by medical evidence. Thus, applying our normal standard of review to
25              the requirements of step two, we must determine whether the ALJ had substantial
              evidence to find that the medical evidence *clearly* established that [Plaintiff] did *not*
26              have a medically severe impairment or combination of impairments. (Internal
              citations and quotation marks omitted. Emphasis added.)

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

1    Regardless, if the ALJ erroneously finds an impairment not severe at step two, the error is harmless

2    if the ALJ continued to consider limitations arising from the "non-severe" impairments throughout

3    the sequential evaluation process. *Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007); *Burch v.*

4    *Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

5        At step two, the ALJ did not find that Plaintiff had a severe mental impairment. (Tr. 19.)

6    Plaintiff alleges this was error. (ECF No. 18 at 13.) Defendant argues Plaintiff has not provided

7    evidence showing his mental impairment is significantly limiting. (ECF No. 20 at 7.) In contrast to

8    Defendant's suggestion, the record shows Plaintiff has made consistent complaints related to a mood

9    disorder/depression and has received treatment for those complaints, including medication. In

10    August 2001, Dr. Giffen states, "[Plaintiff] reported that he has had ongoing contact with mental

11    health services from the time he was in tech school until December of 2000.... Service medical

12    records indicate conflict with peers and coworkers as well as marital difficulties have been

13    frequently identified as the central focus of treatment with depressive symptoms less prominent in

14    the formulation." (Tr. 750-51.) In May 2009, Dr. Schack notes he received a progress letter from

15    Ms. Moore who notes Plaintiff "continues to have anxiety/irritability and c[omplains] o[f] difficulty

16    concentrating and that he continues to work on stress issues in marriage, although since med changes

17    patient has had a 'general improvement' in affect stability and intensity." (Tr. 1103.) At the time of

18    Ms. Moore's note, Plaintiff had been prescribed Lithium for mood stability along with Buprorion

19    for depression. (Tr. 1105.) In June 2008, Dr. Schack found Plaintiff with a "euthymic/mildly

20    dysthimic,"mood and noted that Plaintiff's mood disorder was stable and that Plaintiff was

21    prescribed Buprorion for depression. (Tr. 382-85.) In March 2008, Dr. Schack notes he

22    "encouraged patient to keep a mood/sleep log to see if mood stabilizer may be of some benefit.

23    Continue supportive therapy" with Buprorion to be continued for treatment of Plaintiff's

24    depression. (Tr. 397-98.). In October 2007, Dr. Schack notes Plaintiff reported being "somewhat

25    hesitant about finding a new job due to historical conflicts with others." (Tr. 399-403.) Patient

26    continued to take Buprorion. (*Id.*) In March 2007, Dr. Schack finds Plaintiff's moods are stable

27    after an increase in Buprorion to 300 mg/day. (Tr. 425.) In December 2006, Dr. Schack discusses

28    Plaintiff's experiences in the military dealing with people, finding them "self-promoting and willing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

1    to get ahead at the expense of others." (Tr. 429.) In sum, the records from treating physician Dr.

2    Schack show that Plaintiff has been diagnosed with mood disorder/depression, exhibited symptoms

3    from that disorder, and sought treatment for the disorder and its symptoms. Further, the ALJ's

4    reliance on Dr. Klein, the medical expert, is also unavailing because Dr. Klein's opinion without

5    more is not substantial evidence upon which to reject Dr. Schack, Plaintiff's treating physician.

6    *Lester v. Chater*, 81 F.3d at 831.

7        Dr. Schack's opinion is also supported by the nonexamining state agency consultants, Drs.

8    Kester and Bailey, who found Plaintiff had mild limitations in activities of daily living and moderate

9    limitations in the areas of social functioning and concentration, persistence and pace with no

10   episodes of decompensation. (Tr. 876.) While the opinions of state agency consultants are not

11   substantial evidence alone, the ALJ must adequately explain the weight given them in his decision.

12   *SSR* 96-6p. With regard to these opinions, the ALJ states,

13   
14   The residual functional capacity conclusions reached by the physicians employed by
     the State Disability Determination Services also supported a finding of 'not
     disabled.' Although those physicians were non-examining, and therefore their
15   opinions do not as a general matter deserve as much weight as those of examining
     or treating physicians, those opinions do deserve some weight, particularly in a case
16   like this in which there exist a number of other reasons to reach similar conclusions
     (as explained throughout the decision).

17   (Tr. 24.) Contrary to the ALJ's suggestion, the limitations found by Dr. Kester in the four broad

18   areas examined under 20 C.F.R. § 404.1520a(c)(3) suggest Plaintiff's mental impairment is

19   "severe." 20 C.F.R. § 404 .1520a(d)(1) ("If we rate the degree of your limitation in the first three

20   functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that

21   your impairment(s) is not severe ...."). Therefore, rather than supporting a finding of "not disabled"

22   the nonexamining physicians actually support a finding Plaintiff has at least a "severe" mental

23   impairment. While the ALJ does specifically rely on Dr. Kester to find no limitations (Tr. 24), the

24   ALJ does not suggest why Dr. Kester's opinion was otherwise rejected. Again, while the ALJ's

25   summary and interpretation of the medical evidence may meet his burden to state specific and

26   legitimate reasons to reject these limitations under *Embrey*, there is nothing in the ALJ's decision

27   which leads to a conclusion that Plaintiff's mental impairment has no more than a minimal impact

28   on Plaintiff's ability to work.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

In short, the record does not clearly establish that Plaintiff's mood disorder/depression has no more than a minimal impact on Plaintiff's ability to work. Therefore, the determination Plaintiff does not suffer from a mental impairment which is severe at step two is not supported by substantial evidence and is erroneous. However, despite this error, remand is not necessary if the error is harmless. While an error at step two is harmless when the ALJ continues to consider the Plaintiff's limitations arising from that non-severe impairment throughout the sequential evaluation process, *Lewis v. Astrue*, 498 F.3d at 910; *Burch v. Barnhart*, 400 F.3d at 682, the ALJ did not continue to consider any limitations and in fact rejected any nonexertional limitations other than Plaintiff's environmental restrictions. (Tr. 19, Finding 5.) Because the ALJ did not continue to consider any nonexertional limitations arising from Plaintiff's mental impairments throughout the sequential evaluation process, the ALJ's error is not harmless and remand is therefore necessary. In addition to challenging the ALJ's findings at step two, Plaintiff also challenges the ALJ's failure to consider Plaintiff's VA Disability Determination.

**D.    VA Disability Determination**

Ordinarily, a VA determination of disability is entitled to "great weight." *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009); *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). This is because of the "marked similarity" between the two federal disability programs:

> Both programs serve the same governmental purpose–providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.... Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*McCartey*, 298 F.3d at 1076. However, "[b]ecause the VA and SSA criteria for determining disability are not identical," less weight may be given to the VA determination if the ALJ provides "persuasive, specific, valid reasons for doing so that are supported by the record." *Id. See also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010). A failure to address or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

consider the VA Disability Determination is error requiring reversal, *McCartey v. Massanari*, 298 F.3d at 1076, unless the error is harmless, *McLeod v. Astrue*, 640 F.3d 881, 887 n. 25 (9th Cir. 2011). An error is harmless where the reviewing court can confidently conclude that even once improperly ignored evidence is credited, no reasonable ALJ could have reached a different disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). However, if it is unclear whether a reasonable ALJ would have made a different disability determination, then remand is proper for further administrative proceedings. *McLeod v. Astrue*, 640 F.3d at 887.

Here, the ALJ never mentions the VA determination of disability which is in the record (Tr. 1169-75.) Unlike the claimant in *McCleod*, the VA Disability Determination was included in the record before the ALJ. The VA Disability Determination increased Plaintiff's disability rating due to his mental impairment from 10% to 30%[9]. (Tr. 1169-70.) As of July 1, 2008, then, the VA's overall disability rating was 60%, of which 30% was based on Plaintiff's mental impairment. (*Id.*) According to its decision, the VA made its determination based on the October 2008 report of Dr. Milner and treatment records from Ms. Moore and the VAMC. (Tr. 1173.) As discussed above, while the ALJ's rejection of the opinions of Dr. Milner and Ms. Moore was proper, the record does not support a finding that Plaintiff's mental impairment is not "severe." Because the ALJ erred in finding Plaintiff's mental impairments were not severe at step two and because a mental impairment is the basis for at least 30% of the 60% disability rating Plaintiff does have from the VA, it is not clear that the failure to discuss the VA Disability Determination is harmless. This is not to suggest Plaintiff should or will be awarded disability benefits; however, because the ALJ's decision is not supported with substantial evidence and legal errors were committed in making it, this matter must

---

[9] According to 38 C.F.R. § 4.130, a 30% rating for a mental disorder correlates to "Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events)."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

1   be remanded for further proceedings. On remand, the ALJ must consider throughout the sequential

2   evaluation process all Plaintiff's impairments, severe and non-severe, in combination, to determine

3   Plaintiff's RFC. Further, if on remand the ALJ finds there are nonexertional limitations due to a

4   mental impairment, VE testimony must be taken. VE testimony should also be used if the ALJ finds

5   Plaintiff is still unable to meet all the exertional requirements of light work as indicated in the

6   decision under review.

7   **E.   Conclusion**

8          Plaintiff also alleges the ALJ erred in failing to allow his wife to testify at the hearing. While

9   the ALJ did not allow Plaintiff's wife to testify due to time constraints, the ALJ did allow Plaintiff's

10  wife to submit an affidavit which was not done. Here, there was no error in allowing Plaintiff's wife

11  to present an affidavit rather than testify in person. *See Tidwell v. Apfel*, 161 F.3d 590, 602 (9th Cir.

12  1999) (finding that ALJ satisfied his duty to conduct an appropriate inquiry into the basis of a

13  doctor's opinion by requesting additional information and keeping the record open to receive this

14  information and therefore did not violate his duty to develop the record). However, given that the

15  matter is being remanded for further proceedings, the ALJ should attempt to take Plaintiff's wife's

16  testimony in person since vocational expert testimony is likely necessary.

17         The error at step two taints the entire sequential evaluation process as shown above. As a

18  result, a new sequential evaluation process must be undertaken, including a new credibility

19  determination. If the ALJ contends Plaintiff's treating physicians are wrong about Plaintiff's

20  diagnosis, the ALJ must have substantial evidence to support his findings. However, the court notes,

21  a step two determination Plaintiff has a severe disability is merely a threshold determination, and

22  Plaintiff may not succeed on his claim that he is disabled once a proper sequential evaluation is

23  performed. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d

24  1172, 1179 (9th Cir. 2000); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Kail v. Heckler*,

25  722 F.2d 1496, 1497 (9th Cir. 1984). Accordingly,

26  / / / / /

27  / / / / /

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

**IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment (ECF No. 17) is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent with the decision above and pursuant to sentence four of 42 U.S.C. § 405(g);

2.      Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED.**

3.      Application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF** and the file shall be **CLOSED**.

DATED September 21st, 2011.


                                    S/ JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE